UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MATTHEW R. TONKIN and LAURIE MCLELLAND, husband and wife,

Plaintiffs,

v.

CTX MORTGAGE COMPANY, LLC, et al.,

Defendants.

3:11-cv-270-RCJ-VPC

**ORDER**

Currently before the Court are a Motion for Leave to Intervene as Defendant (#24) and a Motion to Dismiss and to Expunge Lis Pendens (#25). The Court heard oral argument on March 19, 2011.

**BACKGROUND**

I. **Facts**

Plaintiffs Matthew Tonkin and Laurie McLelland ("Plaintiffs"), husband and wife, executed a note secured by a deed of trust on a piece of property located at 935 Flanders Road, Reno, Nevada, 89511, which was recorded in Washoe County on February 14, 2005. (Deed of Trust (#7-2) at 5, 7). The mortgage, dated February 11, 2005, was for $549,600. (*Id.* at 6). The lender on the deed of trust was CTX Mortgage Company, LLC ("CTX Mortgage"). (*Id.*). The trustee on the deed of trust was John L. Matthews or Timothy M. Bartosh. (*Id.*). The Mortgage Electronic Registration Systems, Inc. ("MERS") was named as a "nominee for Lender's successors and assigns" and claimed to be the beneficiary[1] under the

---

[1] Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of trust. See *Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 at *2 (D. Nev. 2009).

security instrument. (*Id.*).

On September 1, 2009, Plaintiffs defaulted on their mortgage. (*See* 2009 Notice of Default (#7-2) at 25).

On December 4, 2009, MERS, as nominee for CTX Mortgage Company, executed[2] an assignment of the deed of trust and transferred all beneficial interest in the deed of trust to Citimortgage, Inc. (Assignment of Deed of Trust (#26-6) at 2).

On December 7, 2009, Cal-Western Reconveyance Corporation ("Cal-Western") filed a notice of default and election to sell with the Washoe County Recorder's office. (2009 Notice of Default (#7-2) at 25). Todd Brachtenbach, an employee of First American Title, acting as an agent for Cal-Western signed the notice of default. (*Id.* at 26). On March 15, 2010, First American Title recorded a certificate from the Nevada Foreclosure Mediation Program indicating that no request for mediation had been made or the grantor had waived mediation. (Mediation Certificate (#7-2) at 28). The certificate stated that the beneficiary could proceed with the foreclosure process. (*Id.*). On September 24, 2010, Cal-Western filed a notice of trustee's sale with the Washoe County Recorder's office. (Notice of Trustee's Sale (#7-2) at 30).

On November 13, 2010, MTGLQ Investors, L.P., executed an assignment of the deed of trust and assigned the deed of trust to Resi Whole Loan IV LLC. (Assignment of Deed of Trust (#26-8) at 2-3).

On January 27, 2011, Citimortgage, Inc. executed and recorded an assignment of mortgage and assigned the mortgage to MTGLQ Investors, L.P. (Assignment of Mortg. (#26-7) at 2).

On March 22, 2011, Resi Whole Loan IV LLC executed a substitution of trustee substituting Power Default Services, Inc. as the trustee for John L. Matthews or Timothy M. Bartosh. (Substitution of Trustee (#26-10) at 2).

On March 23, 2011, Power Default Services, Inc. filed a notice of default and election

---

[2] The assignment of the deed of trust was notarized on September 3, 2010 and recorded on September 10, 2010. (Assignment of Deed of Trust (#26-6) at 2).

2

to sell with the Washoe County Recorder's office. (2011 Notice of Default (#7-2) at 33). The notice of default stated that the installment of principal, interest and impounds had become due on December 1, 2009. (*Id.*).

On April 21, 2011, Cal-Western filed a notice of rescission of the 2009 notice of default with the Washoe County Recorder's office. (Notice of Rescission (#7-2) at 36). On October 10, 2011, Power Default recorded a certificate from the Nevada Foreclosure Mediation Program stating that the beneficiary could proceed with the foreclosure process because the property was "non-applicable." (Mediation Certificate (#26-13) at 2). Power Default recorded a notice of trustee's sale which scheduled the sale for October 31, 2011. (Notice of Trustee's Sale (#26-14) at 2-3).

## II.  Complaint

On April 15, 2011, MERS and Citimortgage, Inc. ("Citi") filed a petition for removal and attached Plaintiffs' 66-page complaint from the Second Judicial District Court in Washoe County. (Pet. for Removal (#1); Compl. (#1-4)). In the complaint, Plaintiffs sued CTX Mortgage Company, LLC; John L. Matthews or Timothy Bartosh; MERS; Cal-Western Reconveyance Corporation; Citimortgage, Inc.; First American Title; and Todd Brachtenbach. (Compl. (#1-4) at 2). Plaintiffs' complaint, originally filed on February 24, 2011, listed nine causes of action. (*Id.* at 2, 30-62).

In the first cause of action, Plaintiffs alleged debt collection violations, pursuant to NRS § 649.370, against Cal-Western, Citi, First American Title, Todd Brachtenbach, and MERS. (*Id.* at 30). In the second cause of action, Plaintiffs alleged violations of Nevada's Unfair and Deceptive Trade Practice Act, NRS § 598.0923, against Cal-Western, Citi, First American Title, Todd Brachtenbach, and MERS because they did not have business licenses. (*Id.* at 33). In the third cause of action, Plaintiffs alleged violations of unfair lending practices, NRS § 598D.100, against CTX Mortgage, John L. Matthews or Timothy M. Bartosh, MERS, Cal-Western, Citi, First American Title, and Todd Brachtenbach. (*Id.* at 34-35). In the fourth cause of action, Plaintiffs alleged violations of the covenant of good faith and fair dealing against Cal Western, Citi, and MERS based on the deed of trust. (*Id.* at 36). In the fifth cause of action,

Plaintiffs alleged violations of NRS § 107.080 based on the notice of default filed by Cal-Western in 2009. (*Id.* at 39). In the sixth cause of action, Plaintiffs sought to quiet title. (*Id.* at 44). In the seventh cause of action, Plaintiffs alleged fraud in the inducement and through omission against Defendants for luring Plaintiffs into the loan by declaring that Plaintiffs were qualified for the loan. (*Id.* at 54, 56). In the eighth cause of action, Plaintiffs alleged slander of title against Cal Western, Citi, First American Title, and Todd Brachtenbach for filing a notice of default. (*Id.* at 60-61). In the ninth cause of action, Plaintiffs alleged abuse of process against Cal Western, Citi, First American, and Todd Brachtenbach. (*Id.* at 62).

In September 2011, the parties stipulated to dismiss Cal-Western and Citi with prejudice from this case. (*See* Order (#21) at 1).

## DISCUSSION

### I.   Motion to Intervene as Defendant (#24)

Resi Whole Loan IV LLC ("Resi") files a motion to intervene in this case as a defendant. (Mot. to Intervene (#24) at 1). Resi argues that it is a real party in interest to this action because on November 13, 2010, MTGLQ assigned its beneficial interest in the deed of trust to Resi. (*Id.* at 3). Resi asserts that it should be able to intervene either as a matter of right or permissively. (*Id.* at 5, 7).

In response, Plaintiffs oppose the motion to intervene. (Opp'n to Mot. to Intervene (#29)).

Pursuant to Federal Rule of Civil Procedure 24(a), on a timely motion, the court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

In this case, the Court grants Resi's motion to intervene. Although Resi does not have a valid assignment of the deed of trust and did not have the authority to execute a substitution of trustee, Resi does have an interest in the property because it is under the belief that its assignment and substitution were valid. Because Resi claims to be the current holder of the

4

beneficial interest of the deed of trust, Resi should be a party to this action. As such, the Court grants the motion to intervene (#24).

## II.     Motion to Dismiss and to Expunge Lis Pendens (#25)

Resi files a motion to dismiss all claims in the complaint for failure to state a claim. (Mot. to Dismiss (#25) at 7-19).  Resi also seeks to expunge the lis pendens.  (*Id.* at 1).

In response, Plaintiffs argue that the motion to dismiss should be denied because Resi did not have a valid assignment of the deed of trust.  (Opp'n to Mot. to Dismiss (#30) at 3). Plaintiffs argue that MTGLQ purported to assign the deed of trust to Resi on November 13, 2010, but MTGLQ did not have a valid assignment itself until January 27, 2011.  (*Id.*).

In this case, Plaintiffs' original complaint challenged the validity of the 2009 notice of default.  Plaintiffs filed their original complaint prior to the filing of the 2011 notice of default and the rescission of the 2009 notice of default.  As such, Plaintiffs have not stated any causes of action against any potential defendants involved in the 2011 notice of default. Because MTGLQ did not have the authority to execute an assignment of the deed of trust to Resi on November 13, 2010, Resi did not have the authority to execute a substitution of trustee. (*See* Assignment of Deed of Trust (26-8) at 2-3; Assignment of Mortg. (#26-7) at 2). Therefore, it appears that the 2011 notice of default contains statutory defects pursuant to NRS § 107.080.  The Court denies Resi's motion to dismiss (#25) and grants Plaintiffs leave to amend their complaint to include claims involving the potential statutory defects in 2011 notice of default.

///
///
///
///
///
///
///
///

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion to Intervene (#24) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss (#25) is DENIED.

IT IS FURTHER ORDERED that the Court GRANTS Plaintiffs leave to amend their complaint to include claims involving potential statutory defects in the 2011 notice of default.

DATED: This 11th day of May, 2012.

_____
United States District Judge