

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MATTHEW R. TONKIN and LAURIE MCLELLAND, husband and wife,

    Plaintiffs,

v.

CTX MORTGAGE COMPANY, LLC, et al.,

    Defendants.

3:11-cv-270-RCJ-VPC

**ORDER**

Currently before the Court are a Motion for Summary Judgment (#56) and a Motion for Leave to File Supplement to Defendant-in-Intervention Resi Whole Loan IV LLC's Motion for Summary Judgment (#62).

## BACKGROUND

**I.  Procedural History**

On April 15, 2011, the Mortgage Electronic Registration Systems, Inc. ("MERS") and Citimortgage, Inc. filed a petition for removal and attached Plaintiffs' 66-page complaint from the Second Judicial District Court in Washoe County. (Pet. for Removal (#1); Compl. (#1-4)). In the complaint, Plaintiffs Matthew R. Tonkin and Laurie McLelland (collectively "Plaintiffs") sued CTX Mortgage Company, LLC;  John L. Matthews or Timothy Bartosh; MERS; Cal-Western Reconveyance Corporation; Citimortgage, Inc.; First American Title; and Todd Brachtenbach. (Compl. (#1-4) at 2). Plaintiffs' complaint, originally filed on February 24, 2011, listed nine causes of action. (Id. at 2, 30-62).

In May 2012, this Court issued an order noting that Plaintiffs' original complaint challenged the validity of a 2009 notice of default which had since been rescinded.  (Order

(#39) at 5). The Court noted that Plaintiffs had filed their original complaint prior to the filing of a 2011 notice of default. (*Id.*). The Court found that Plaintiffs had not stated any causes of action against any potential defendants involved in the 2011 notice of default. (*Id.*). The Court found that based on the evidence in the record at the time, there appeared to be a statutorily defective foreclosure under the 2011 notice of default. (*Id.*). The Court gave Plaintiffs leave to amend their complaint to include claims involving the potential statutory defects in the 2011 notice of default. (*Id.*).

On May 17, 2012, Plaintiffs filed a first amended complaint against CTX Mortgage Company, LLC; John L. Matthews or Timothy M. Bartosh; MERS; Cal-Western Reconveyance Corporation; Citimortgage, Inc.; First American Title; Todd Brachtenbach; and Resi Whole Loan IV LLC ("Resi"). (FAC (#40) at 1). The only remaining defendant in this case is Resi Whole Loan IV LLC. (*See* Docket Sheet (#21, 23, 45, 50, 55)).

The first amended complaint alleged two causes of action. (FAC (#40) at 4, 6). In the first cause of action, Plaintiffs alleged violations of NRS § 107.080. (*Id.* at 4). In the second cause of action, Plaintiffs alleged quiet title. (*Id.* at 6).

## II.   Summary Judgment Facts[1]

Plaintiffs, husband and wife, executed a note secured by a deed of trust on a piece of property located at 935 Flanders Road, Reno, Nevada 89511, which was recorded in Washoe County on February 14, 2005. (Deed of Trust (#56-3) at 2, 4). The mortgage, dated February 11, 2005, was for $549,600. (*Id.* at 3). The lender on the deed of trust was CTX Mortgage Company, LLC. (*Id.*). The trustees on the deed of trust were John L. Matthews or Timothy M. Bartosh. (*Id.*). MERS was named as "a nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary[2] under the security instrument. (*Id.*).

---

[1] Resi files a motion for leave to file a supplement to its motion for summary judgment to include a copy of the endorsed note. (Mot. for Leave (#62) at 2; Suppl. Submission (#62-3) at 2-3). The Court grants the motion to supplement the motion for summary judgment and will consider the endorsed note as part of the exhibits submitted on summary judgment.

[2] Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of trust. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 at *2 (D. Nev. 2009).

1          On December 1, 2009, Plaintiffs defaulted on their mortgage. (*See* Notice of Default (#56-8) at 2).

          On December 4, 2009, MERS, as nominee for CTX Mortgage, executed[3] an assignment of deed of trust and transferred all beneficial interest under the deed of trust to Citimortgage, Inc. (Assignment of Deed of Trust (#56-4) at 2).

          On November 13, 2010, MTGLQ Investors, L.P. executed an assignment of deed of trust and assigned and transferred the deed of trust to Resi Whole Loan IV LLC. (Assignment of Deed of Trust (#56-6) at 2).[4]

          On January 27, 2011, Citimortgage, Inc. executed an assignment of mortgage to MTGLQ Investors, L.P. (Assignment of Mortgage (#56-5) at 2).

          On March 22, 2011, Resi Whole Loan IV LLC executed a substitution of trustee and replaced Power Default Services, Inc. as the trustee for John L. Matthews or Timothy M. Bartosh. (Substitution of Trustee (#56-7) at 2).

          On March 23, 2011, Power Default Services, Inc. filed a notice of default and election to sell with the Washoe County Recorder's office. (Notice of Default (#56-8) at 2-3). The notice of default identified the breach of obligations as "the installment of principal, interest, and impounds which became due December 1, 2009 and all subsequent installments of principal, interest, and impounds. Plus late charge(s). Plus miscellaneous fee(s) in the amount of $60.00. Plus recoverable corporate balance in the amount of $41.30." (*Id.* at 2).

          On October 10, 2011, Power Default Services recorded a certificate of the State of Nevada Foreclosure Mediation Program. (Mediation Certificate (#56-9) at 2). The certificate stated that mediation was "non-applicable" and that the beneficiary could proceed with the

---

[3] MERS notarized the assignment of deed of trust on September 3, 2010. (Assignment of Deed of Trust (#56-4) at 2).

[4] Resi attaches the declaration of Gerhard Heckermann in support of its motion for summary judgment. (Heckermann Decl. (#56-11) at 2). Heckermann declares the following. (*Id.*). He was employed by Homeward Residential, the servicer for Resi Whole Loan IV LLC in connection with the property at issue. (*Id.*). "Homeward was appointed servicer for the loan by virtue of a servicing agreement with RESI on or before November 13, 2010." (*Id.* at 3). Homeward had "constructive possession of the original Note since before November 13, 2010 as the servicing agent for the legal holder of the Note Resi." (*Id.* at 4).

1 | foreclosure process. (*Id.*).

2 | On October 10, 2011, Power Default Services recorded a notice of trustee's sale with
3 | the Washoe County Recorder's office. (Notice of Trustee's Sale (#56-10) at 2-3).

## LEGAL STANDARD

In reviewing a motion for summary judgment, the court construes the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Pursuant to Fed.R.Civ.P. 56, a court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Material facts are "facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden of identifying the portions of the pleadings and evidence that the party believes to demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). Once the moving party has properly supported the motion, the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. The nonmoving party cannot defeat a motion for summary judgment "by

relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

## DISCUSSION

Resi files a motion for summary judgment on all claims. (Mot. for Summ. J. (#56) at 1). Resi asserts that after Citimortgage acquired the interest in the deed of trust on September 10, 2010, it "almost immediately" transferred "its interest in the Note and the Deed of Trust to MTGLQ." (*Id.* at 4). Resi asserts that Citimortgage "executed an assignment of that mortgage on January 27, 2011 that memorialized the September 10, 2010 transfer." (*Id.*). Resi argues that there is indisputable evidence that it acquired the note prior to November 2010 and that it conclusively establishes that there was a valid transfer of the note even without evidence of an endorsement. (*Id.* at 6). Resi contends that the evidence demonstrates that there was a chain of transfer from CTX Mortgage to itself. (*Id.*).

In response, Plaintiffs argue that MTGLQ was assigned the deed of trust on January 27, 2011, but purported to assign the deed of trust to Resi on November 13, 2010. (Opp'n to Mot. for Summ. J. (#59) at 4).

In reply, Resi argues that it does not dispute the fact that the executed assignment of the deed of trust occurred on January 27, 2011 but states that its evidence demonstrates that Citimortgage actually transferred the note to MTGLQ in September 2010. (Reply to Mot. for Summ. J. (#60) at 4). Resi argues that Plaintiffs offer no evidence to rebut this conclusion. (*Id.*). In its supplemental submission, Resi argues that the attached endorsed note demonstrates that it possessed the note before it had executed the substitution of trustee. (Suppl. Submission (#62-3) at 3).

In *Leyva v. Nat'l Default Servicing Corp.*, 255 P.3d 1275 (Nev. 2011), the Nevada Supreme Court discussed what documents a party must produce to demonstrate that it is entitled to foreclose on a home. *Id.* at 1279. With respect to the deed of trust, a party claiming to have been assigned the deed of trust must provide signed writings from previous lenders

demonstrating the transfer of interest. *Id*. Absent a proper assignment of the deed of trust, a party would lack standing to pursue foreclosure proceedings. *Id*. With respect to the mortgage note, a party other than whom the note is originally payable to may enforce the note if the note has been negotiated or transferred. *Id*. at 1280. Negotiation requires the possession of the instrument and its endorsement by the holder. *Id*. If the note is payable to the order of an identifiable party but is sold or assigned to a new party, the note "must be endorsed by the party to whom it was originally payable for the note to be considered properly negotiated to the new party." *Id*.

A party may also enforce a note by showing that the note has been validly transferred. *Id*. at 1281. In the case of a transfer, the note does not need to be endorsed by the party who is relinquishing enforcement rights. *Id*. However, the party seeking to establish its right to enforce the note must account for possession of the unendorsed instrument by proving the transaction through which the transferee acquired it. *Id*. Mere possession of the note does not entitle a subsequent party to enforce the note. *Id*.

In this case, the documents recorded with the Washoe County Recorder's Office demonstrate a defect with the deed of trust assignments. The recorded documents demonstrate that MTGLQ executed an assignment of the deed of trust to Resi Whole Loan IV LLC a couple months before MTGLQ had been assigned the deed of trust from Citimortgage. (*Compare* Assignment of Mortgage (#56-5) at 2, *with* Assignment of Deed of Trust (#56-6) at 2). In an attempt to explain this defect, Resi provides the declaration of Heckermann, Resi's loan servicer, who states that his company had been appointed servicer for the loan on or before November 13, 2010 and that his company had constructive possession of the original note before November 13, 2010. (*See* Heckermann Decl. (#56-11) at 2, 4).

Resi also provides a copy of the endorsed mortgage note. (*See* Endorsed Note (#62-2) at 7-10). The note demonstrates that CTX Mortgage possessed the original note, who then endorsed the note to Citimortgage, who then endorsed the note to MTGLQ, who then endorsed the note to Resi Whole Loan IV LLC. (*Id*. at 7-9). The Court notes that there are

no dates attached to the endorsements. (*See id.*).

The Court finds that there is a defect in the assignments of the deed of trust and that Heckermann's declaration does not cure that defect. Pursuant to *Leyva*, Resi has to provide signed writings from previous lenders to demonstrate the transfer of interest in the deed of trust. The recorded signed writings demonstrate that MTGLQ executed an assignment of the deed of trust before it had even been assigned the right to do so. Heckermann's declaration is not a signed writing demonstrating transfer of interest from Citimortgage to MTGLQ to Resi. As such, Resi has not demonstrated that Citimortgage transferred its interest to MTGLQ before MTGLQ transferred its interest to Resi.

The Court notes that Resi has provided the Court with a properly endorsed note. (*See* Endorsed Note (#62-2)). However, the Court finds that the note does not include any endorsement dates. As such, the Court is unable to determine whether Resi possessed the endorsed note during the time frame in question. The Court finds that there is a question of material fact as to whether Resi possessed the endorsed note when it executed a substitution of trustee on March 23, 2011. As such, the Court denies the motion for summary judgment.

The Court further notes that because Resi currently possesses the endorsed note it may enforce the note from this date forward and may start the foreclosure process anew instead of attempting to rectify past irregularities. If Resi chooses to start the foreclosure process anew, the parties shall file a stipulation dismissing this case based on the 2011 notice of default. Plaintiffs retain the right to challenge any irregularities with any subsequent notice of defaults.

///
///
///
///
///
///
///

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion for Summary Judgment (#56) is DENIED.

IT IS FURTHER ORDERED that the Motion for Leave to File Supplement to Defendant-in-Intervention Resi Whole Loan IV LLC's Motion for Summary Judgment (#62) is GRANTED.

Dated this 17th day of May, 2013.

_____
United States District Judge